UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANA RIVERA,

vs.

Civil Action No.:

INJUNCTIVE RELIEF SOUGHT

EQUIFAX INFORMATION SERVICES LLC,

Defendant(s).

_____ /

## COMPLAINT

Plaintiff DIANA RIVERA, ("Plaintiff"), by and through her attorney, Jonathan Arias, Esq., as and for her Complaint against Defendant EQUIFAX INFORMATION SERVICES LLC hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

### PARTIES

2. Plaintiff, DIANA RIVERA, is a resident of the State of Florida, residing in Osceola County.

3. Defendant, EQUIFAX INFORMATION SERVICES LLC, is a Georgia Corporation with an address at 1550 Peachtree Street, N.W. Atlanta 30309.

4. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201.   The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff obtained a copy of her credit report dated October 31st, 2023, and noticed several inaccurate accounts. Based on this information Plaintiff wrote a dispute letter to Defendant dated November 1st, 2023, and received by Defendant on November 26th, 2023, stating:

"AMERICAN HONDA FINAN ACCOUNT# 405700XXXX LAST PAYMENT 10.2017

I KNOW THAT THE ABOVE ACCOUNT IS MATERIALLY MISLEADING AND THEREFORE INACCURATE.  ENCLOSED IS A DOCUMENT FROM THE OFFICE OF SENATOR KEVIN THOMAS THAT STATES THAT THEY LOWERED THE STATUE OF LIMITATIONS FOR CONSUMER CREDIT TRANSACTIONS FROM SIX YEARS TO THREE YEARS; THIS ACCOUNT WAS OPENED IN NEW YORK.  **SEE HIGHLIGHTED AREA** THESE ACCOUNTS ARE A TIME-BARRED DEBT; HOWEVER, THE FURNISHER HAS FAILED TO PROVIDE THE REQUIRED STATUTORY DISCLOSURES REGARDING THE ACCOUNT'S TIME-BARRED STATUS.
I REQUESTED THIS ACCOUNT TO BE UPDATED OR DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER.  IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT.  THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED.  HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT.  EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS."  IF THE STATUTE OF LIMITATION DISCLOSURE IS NOT

*DISCLOSED ON EACH ACCOUNT, THE ACCOUNT NEEDS TO BE DELETED IMMEDIATELY.*
*I HAVE REQUESTED THESE ACCOUNTS TO BE DELETED FROM MY CREDITFILE DIRECTLY FROM THE FURNISHER.  PLEASE DELETE THEM.*
*1. CREDIT COLLETION SVC ACCOUNT# UNKNOWN*
*2. TRANSWORLD SYS INC ACCOUNT# 207552XXXX*
*3. CREDIT MANAGEMENT LP ACCOUNT# 336344XXXX*
*Please update my statutory consumer statement or delete the accounts from my credit reports."*

8. Defendant did not respond.

9. Plaintiff sent a 2nd dispute letter with a request for a consumer statement to be added, dated February 19th, 2024, and received by the Defendant on March 19th, 2024, and stated  the following:

   *"AMERICAN HONDA FINAN ACCOUNT# 405700XXXX LAST PAYMENT 10.2017*

   *I KNOW THAT THE ACCOUNT BELOW IS MATERIALLY MISLEADING AND THEREFORE INACCURATE. I HAD ENCLOSED IN MY PREVIOUS DISPUTE A DOCUMENT FROM THE OFFICE OF SENATOR KEVIN THOMAS THAT STATES THAT THEY LOWERED THE STATUE OF LIMITATIONS FOR CONSUMER CREDIT TRANSACTIONS FROM SIX YEARS TO THREE YEARS; THIS ACCOUNT WAS OPENED IN NEW YORK.*
   *I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER.  IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT ON ACCOUNT AMERICAN HONDA FINAN ACCOUNT# 405700XXXX. IT SHOULD STATE THE FOLLOWING ON EACH ACCOUNT, "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT.  THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED.  HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT.  EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS."  IF THE STATUTE OF LIMITATION DISCLOSURE IS NOT DISCLOSED ON EACH ACCOUNT, THE ACCOUNT NEEDS TO BE DELETED IMMEDIATELY.*
   *• AMERICAN HONDA FINAN ACCOUNT# 405700XXXX LAST PAYMENT 10.2017*
   *I HAD ALSO REQUESTED THESE ACCOUNTS TO BE DELETED FROM MY CREDITFILE DIRECTLY FROM THE FURNISHER.  PLEASE DELETE THEM.*
   *1. TRANSWORLD SYS INC ACCOUNT# 207552XXXX*
   *2. ONLINE INFORMATION SER ACCOUNT# 412236XXXX*
   *3. TRANSWORLD SYS INC ACCOUNT# UNKNOWN*
   *I CALLED THE COLLECTION AGENCY AND THEY SAID THIS ACCOUNT WAS RELATED TO A TEXAS ADDRESS.  I HAVE NEVER LIVED IN TEXAS OR BEEN ASSOCIATED WITH A TEXAS ADDRESS.  PLEASE DELETE ACCOUNT.*
   *1. SEQUIUM ASSET SOLUTION ACCOUNT# 553621XXXX*
   *Again, as a reminder, Please update my statutory consumer statement or delete the accounts from my credit reports."*

10. Defendant failed to respond again.

11. After responding to Plaintiff's prior requests with an investigation and verification, Defendant falsely, and deceptively came to the assessment that Plaintiff could not be identified with the same identification information that was provided in the first dispute letter. Plaintiff provided in both dispute letters his correct name, address, social security number, and date of birth as it appears on his credit report.

12. Defendant failed to do a reasonable investigation.

13. Plaintiff pulled her annual credit report dated August 26th, 2024 and it does not contain the requested consumer statement.

14. Defendant failed to properly investigate the disputed account, failed to include Plaintiff's consumer statement within the credit report, and failed to respond within the 15-day requirement of the method of verification request, and thereby violated Plaintiff's rights under the FCRA.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

15. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. 15 USC §1681i(a) Reinvestigations of disputed information

    (1) Reinvestigation required

    (A) In general

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer

reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

17. Defendant violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed account and respond to Plaintiff within the required 30-day period and further to delete the account within the required 30 days.

18. Defendant violated Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

19. Defendant violated Plaintiff's rights under 15 USC §1681i (a)(8)(b) by failing to include the required consumer statement under 15 USC §1681i(a)(8)(b): Statement of dispute. If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute

20. As a result, Defendant violated 15 USC §1681e (b), Plaintiff suffered actual damages, including but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

21. The violation by Defendant of 15 USC §1681e (b) was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

22. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 USC §1681o.

24. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

25. Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

26. Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff's credit files.

27. As a result of Defendant's violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

28. The violations by Defendant of 15 USC §1681i(a) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. As a result of Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

30. The violations by Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

31. Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

32. Defendant violated (15 U.S.C. § 1681I (6)(B)(iii) by not later than 15 days after receiving a request from Plaintiff to provide a method of investigation description or documentation.

33. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant, jointly and severally; for his attorneys' fees and costs, for prejudgment and

post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendant:

A. For statutory, actual, and punitive damages provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B. For attorney's fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully Submitted,

By: /s/ Jonathan Arias
**Jonathan S. Arias, Esq.**
Fla. Bar No.: 126137
Attorney Number: 221129
The Onyx Group
8325 N.E. 2nd Ave
Suite 315
Miami, FL 33138
786-504-5760
jarias@theonyx.group